NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDIBLE GIFTS PLUS, LLC and MELANIE OLLIVETT DIZDAREVIC, | Civ. No. 15-7904 |
| Plaintiffs, | **OPINION** |
| v. | |
| MARGO RAPPEL and XYZ COMPANY, | |
| Defendants. | |
| MARGO RAPPEL, | |
| Third-Party Plaintiff, | |
| v. | |
| DINO DIZDAREVIC and DARREN J. KADY, | |
| Third-Party Defendants. | |

THOMPSON, U.S.D.J.

      This matter appears before the Court upon the motion of Plaintiffs Edible Gifts Plus, LLC ("Edible Gifts Plus") and Melanie Ollivett Dizdarevic (collectively "Plaintiffs") for a preliminary injunction against Defendant Margo Rappel ("Defendant"). (ECF No. 1-4). Defendant does not oppose. (ECF No. 10). After considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will grant Plaintiffs' motion.

1

BACKGROUND

Defendant was the original owner of Edible Gifts Plus, a company selling customized baked goods and other edible items over the internet. (Compl. ¶ 14, ECF No. 1). On January 11, 2014, Defendant sold Edible Gifts Plus to Plaintiff Melanie Ollivett Dizdarevic. (*Id.* ¶ 16). As part of the sale contract, Defendant agreed that for a period of ten years, she would not compete with Edible Gifts Plus's online edible gift business, either directly or indirectly. (*Id.* ¶ 24). Since the sale closed on February 5, 2014, Dizdarevic has operated Edible Gifts Plus. (*Id.* ¶ 27). However, shortly thereafter, Dizdarevic began to suspect that Defendant was operating a competing business in violation of the parties' non-compete clause. (*Id.* ¶ 43). Several vendors stopped doing business with Edible Gifts Plus, seemingly due to their relationship with Defendant, and Dizdarevic received some email communications about an online order that she suspected were directed to Defendant, leading her to believe that Defendant was continuing to sell online gifts. (*Id.* ¶¶ 47, 51).

On November 5, 2015, Plaintiffs filed a complaint against Defendant, alleging claims of breach of contract, breach of the covenant of good faith and fair dealing, and fraudulent inducement. (ECF No. 1). Plaintiffs alleged that Defendant was operating a competing business and had failed to satisfy other elements of the sale contract. (*Id.*). At the same time they filed the complaint, Plaintiffs filed a motion for a temporary restraining order and a preliminary injunction to prevent Defendant from competing against Edible Gifts Plus. (*Id.*). Defendant denies that she is operating a competing business and therefore did not oppose Plaintiff's motion. (ECF No. 10). Thus, by consent of the parties, a temporary restraining order was entered on November 6, 2015. (ECF Nos. 8, 10). The motion for a preliminary injunction is presently before the Court.

## DISCUSSION

To obtain a preliminary injunction, the moving party bears the burden of establishing that (1) she is likely to succeed on the merits of the underlying litigation, (2) she is likely to suffer irreparable injury in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014). The primary purpose of a preliminary injunction is to maintain the status quo pending a decision on the merits. *See Acierno v. New Castle Cnty.*, 40 F.3d 645, 648 (3d Cir. 1994).

In this case, Defendant does not oppose the entry of preliminary injunctive relief. (*See* Def.'s Br. 1, ECF No. 10). The parties have already consented to the entry of a temporary restraining order, which has been in place since November 6, 2015. (ECF No. 8). Further, in her response, Defendant does not argue that Plaintiffs have failed to satisfy the four prerequisites to entry of preliminary injunctive relief. Based on Defendant's concessions, the court determines that all four prerequisites to entry of preliminary injunctive relief have been satisfied. Accordingly, the Court will grant Plaintiffs' Motion for a Preliminary Injunction.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for a Preliminary Injunction will be granted. A corresponding order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.