NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDIBLE GIFTS PLUS, LLC and MELANIE OLLIVETT DIZDAREVIC, <br><br> Plaintiffs, <br><br> v. <br><br> MARGO RAPPEL and XYZ COMPANY, <br><br> Defendants. | Civ. No. 15-7904 <br><br> **OPINION** |
| MARGO RAPPEL, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> MELANIE DIZDAREVIC, DINO DIZDAREVIC and DARREN J. KADY, <br><br> Third-Party Defendants. | |

RECEIVED MAY 2 5 2017 AT 8:30_____M WILLIAM T. WALSH CLERK

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Plaintiffs Edible Gifts Plus, LLC ("Edible Gifts") and Melanie Ollivett Dizdarevic ("Dizdarevic" or "Buyer") (collectively, "Plaintiffs") for Partial Summary Judgment (ECF No. 37) and the motion by Defendant/Third-Party Plaintiff Margo Rappel ("Rappel" or "Seller") for Summary Judgment (ECF No. 38). Each motion is opposed. (ECF No. 39, 40, respectively). The Court will decide these motions based upon the written submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment will be denied and Defendant's Motion for Summary Judgment will be denied.

1

## BACKGROUND

This controversy arose out of alleged breaches of contract by Defendant in the sale of Defendant's business, Edible Gifts Plus, to Plaintiff Dizdarevic. Defendant asserts a counterclaim, primarily for Dizdarevic's failure to pay a remaining $5833.31 of the $120,000.00 purchase price.

The uncontroverted facts are as follows: on or about January 11, 2014, Plaintiff Dizdarevic and Defendant Rappel entered into an Asset Purchase Agreement for Dizdarevic to purchase Rappel's Edible Gifts Plus, LLC. (Pl.'s Statement of Facts ("SOF") ¶ 1, ECF No. 37-2). In the sale and purchase of the business, Rappel was represented by a lawyer, Lauri Bini of Byrnes O'Hearn & Heugle, LLC, and Dizdarevic was not represented by a lawyer and received advice from her father, an experienced businessman. (*Id.* ¶¶ 4–6; Def.'s Resp. SOF ¶ 6, ECF No. 39-1). The Asset Purchase Agreement included a non-compete clause. (Pl.'s SOF ¶¶ 7, 12, ECF No. 37-3, Ex. A). The Bill of Sale included three Schedules—A, B, and C—which included in relevant part "Customer Lists and Purchase History, Vendor Contacts and Purchase History, Goodwill, Trademarks, Images and Advertising Files..." (*Id.* ¶ 8, ECF No. 37-3, Ex. B). The sale closed on or about February 5, 2015. (*Id.* ¶ 11).

Prior to the closing date, Springpoint Senior Living in Wall Township, New Jersey, CR Wealth Management Group in New York, New York, Micro Strategies in Rockaway and Parsippany, New Jersey, and Project Ezrah in Englewood, New Jersey, were regular customers of Edible Gifts. (*Id.* ¶ 13). Micro Strategies and Project Ezrah were among the top twenty largest corporate customers of the business. (*Id.* ¶ 14). Some of Edible Gifts' customers were Rappel's friends or family prior to becoming customers. (*Id.* ¶¶ 15–18; Def.'s Resp. SOF ¶¶ 15–

2

18). Rappel also maintained personal relationships with Edible Gifts' vendors after the sale had closed. (Pl.'s SOF ¶¶ 20, 22).

After the sale closed, Rappel placed at least eighteen orders for the listed customers over the following twenty months, for a total amount of about $31,124. (*Id.* ¶¶ 25–27). She used the same vendors as she had used with Edible Gifts and maintained her same discounts. (*Id.*). Rappel admits all of these transactions, and that they could have been fulfilled by Plaintiffs Dizdarevic and Edible Gifts, and argues that the customers refused to do business with Plaintiffs or Plaintiffs no longer provided the specific, requested product. (*Id.* ¶¶ 28–31; Def.'s Resp. SOF ¶¶ 28–31). Rappel understood the non-compete clause to only prevent her from starting, running, or teaching someone to run an *online* edible gift business; "offline" transactions were not included. (Pl.'s ¶¶ 37–40; Def.'s ¶¶ 37–40).

While she owned and operated Edible Gifts, Rappel did not own or possess contracts with vendors, but used approximately 3,000 vendor images on her website in order to market her products. (*Id.* ¶¶ 32–36). Rappel contends that this is typical of re-seller arrangements.

Plaintiffs brought a five-count Complaint against Defendant, claiming: (1) Breach of Contract—Covenant Not to Compete; (2) Breach of Contract—Warranty and Other Breaches; (3) Breach of Covenant of Good Faith and Fair Dealing; (4) Fraudulent Inducement; and (5) Intentional Interference with Contractual Relationship. (ECF No. 1). Defendant answered, asserted affirmative defenses, counterclaim, and Third Party Complaint. (ECF No. 9). In that Third Party Complaint, Defendant claimed: (1) Breach of Contract and (2) Breach of Personal Guarantees by Third Party Defendants for the remaining $5,833.31 plus interest of the purchase price for Edible Gifts.

3

Plaintiffs move for summary judgment on Counts I and II of their Complaint. (ECF No. 37). Defendant moves for summary judgment on the entirety of Plaintiff's Complaint and both of Defendant's counterclaims against Third Party Defendants. (ECF No. 38). These motions are presently before the Court.

## LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). In resolving a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248–49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that

4

party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ANALYSIS

**I.** **Plaintiffs' Motion for Partial Summary Judgment**

### *A. Count I – Breach of Contract – Non-Compete Clause*

Plaintiffs argue that Defendant violated the non-compete clause of the contract by continuing to sell gift products from the same vendors, using the same business discount, to the same customers after the sale of the business. Defendant does not dispute the sales but argues that these sales were not a competitive action because it was not part of an *online* edible business and the non-compete clause only pertained to *online* competition, or, in the alternative, that these sales did not violate the non-compete clause because Defendant did not solicit the business, the customers sought out Defendant, and Plaintiffs abandoned the business or the customers refused to do business with Plaintiffs.

The "fundamental canons of contract construction require that we examine the plain language of the contract and the parties' intent, as evidence by the contract's purpose and surrounding circumstances." *See State Troopers Fraternal Ass'n v. State*, 149 N.J. 38, 47 (N.J. 1997) (citing *Marchak v. Claridge Commons, Inc.*, 134 N.J. 275, 282 (1993)). "The interpretation of the terms of a contract are [sic] decided by the court as a matter of law unless the meaning is both unclear and dependent on conflicting testimony." *Bosshard v. Hackensack Univ. Med. Ctr.*, 345 N.J. Super. 78, 92 (App. Div. 2001).

The non-compete clause states in relevant part, "Seller will not compete with, either directly or indirectly, an online edible gift business or other on-line gift business that markets and sells gifts for special occasions, holidays, celebrations, corporate/business events, gratuities

5

and/or similar functions (hereinafter referred to as a "Gift Business")." (Pl.'s Br. at 11, quoting the Non-Compete Clause in its entirety; see also Ex. A. to Ollivett Aff., Asset Purchase Agreement). Defendant focuses on the "online" aspect of this statement and argues that the non-complete clause is limited to online activities. Plaintiffs focus on the language "directly or indirectly" and argue that indirect competition could certainly include a non-online gift business using the same vendors and selling to the same customers.

Other parts of the clause indicate an intent to prevent a broader range of competition than Defendant now contends: "Subsequent to the Closing, the Seller agrees not to transact business with Seller's current vendors for the purpose of competing with Buyer. Furthermore, subsequent to the Closing, Seller agrees that it will not solicit or contact individuals or entities on the customer list being sold to Buyer for the purpose of competing with the Buyer." (Asset Purchase Agreement ¶ 15 (Non-Compete Clause), ECF No. 37-3, Ex. A). Defendant argues that the clause builds on itself, limiting all non-compete protections to an "online gift business." (Def.'s Opp'n at 5–6, ECF No. 39). However, it seems incredible that the parties did not intend to limit Defendant from buying the same products from the same vendors and selling them to the same customers as Edible Gifts, after selling that business to Plaintiff Dizdarevic.

Defendant argues that Plaintiff herself limited the non-compete clause to "online" business only. (Def.'s Opp'n at 6, ECF No. 37). In one of a series of e-mails back and forth with Defendant, Plaintiff stated, "I believe using the term 'Online Gift Business' and not limiting it to a 'edible' gifts business will work for everyone." (Def.'s Opp'n at 6, ECF No. 39). Without the context of the other communications back and forth editing this clause, the Court cannot determine the parties' intent from this statement.

6

Defendant argues in the alternative that she did not *solicit* the business, but rather was asked by the customers to provide this service. Defendant argues that Plaintiffs stopped using the requested vendor, did not respond to the customer, or the customer refused to do business with Plaintiffs, and, therefore, these actions were not competitive. However, Defendant does not present any case law or other support for the idea that transacting multiple sales with the same type of business, vendors, and customers is not competitive action, or for the idea that competitive action is permissible simply because the party who purchased the promise not to compete does not pursue a particular transaction within the scope of the non-compete clause.

Much of Plaintiffs' claim appears to be based on a disgruntled feeling that Plaintiff did not know that many of Defendant's customers had a personal tie to Defendant, and thus would not necessarily be solid future business for Plaintiff. It is normal to have some fall off when a business changes hands; the new owner must establish relationships and customers' confidence in her own right. However, it is plausible that Defendant actively competed for those customers after closing.

Because the meaning of the non-compete clause is not clear, nor is the parties' intent clear, a genuine dispute of material fact exists, and summary judgment is not warranted on this claim.

Defendant presents a variety of alternative arguments that the Court need not address, as summary judgment for the Plaintiffs on this claim will be denied on the previously described grounds.

### B. Count II – Breach of Contract – Good and Marketable Title

Plaintiffs argue that Defendant represented during negotiations and sale that Defendant owned the product images on the business website, and Plaintiff Dizdarevic paid value for those

7

images, when in fact, Defendant did not own or have a contractual interest in the use of those images. Defendant argues that it is common practice for re-sellers to use the vendors' images, the source of the images was available in the backend of the website, and thus, Plaintiffs should have known that Defendant did not own the images and cannot claim that Defendant represented that the images were part of the sale. Defendant further argues that Plaintiffs had full rights to use the images for the resale business, as Defendant had operated Edible Gifts; Plaintiffs' problem with the image use was that Plaintiffs changed the nature of the business to produce the products in-house, while still using the prior vendors' images.

In this case, Schedule A of the Bill of Sale describes the assets and property being sold and included "Images and Advertising Files." Schedule B, which described assets and property not included in the sale, did not mention the website product images.

It appears that neither party explicitly asked about nor stated who owned the images. Defendant Rappel believes it is common knowledge that a reseller does not own the image; Plaintiff Dizdarevic disputes that and her knowledge of that at the time of sale.

A genuine issue of material fact remains regarding whether Plaintiff reasonably thought ownership of the images was included in the sale. Any determination would require the Court to weigh Plaintiff Dizdarevic's reasonable understanding, and Defendant's reasonable assumptions of Dizdarevic's knowledge. A court may not weigh the evidence at summary judgment; therefore, summary judgment is inappropriate on this Count and Defendant's remaining arguments in opposition to Plaintiffs' motion for partial summary judgment need not be addressed.

## II. Defendants' Motion for Summary Judgment

### A. *Counts II, III, and IV – Product Images*

Defendant seeks summary judgment on Counts II, III, and IV.[1] Defendant argues that Plaintiff Dizdarevic could not have reasonably believed that Defendant owned and was selling rights to the third-party vendors' product images, because "drop ship" resellers always use the vendors' product images in their resale business. (Def.'s Br. at 29, 34–35, ECF No. 38). As discussed above, genuine issues of fact remain regarding whether Plaintiff knew or should have known that Defendant did not own the images and was not selling rights to those images, and whether the inclusion of "Images and Advertising Files" in Schedule A could reasonable be interpreted as including the website's product images.

Defendant also argues that even if Plaintiff Dizdarevic did not know that Defendant had not owned and did not sell rights to the product images, she knew or should have known by the second week in February 2014, when Fairytale Brownies, a vendor, and Defendant herself emailed Plaintiff and explained how to download and upload new product images and descriptions. (Def.'s Br. at 7–8, 30; Def.'s SOF ¶¶ 55, 56). Additionally, Defendants argue that when Dizdarevic cancelled Edible Gifts' account with Gift Marketing Alliance ("GMA") and GMA demanded that she remove GMA's product images from the website, that should have been sufficient to inform Plaintiff that she did not own the images. (Def.'s Br. at 29–30; Def.'s SOF ¶¶ 44–48). However, each of these facts, even if true, occurred post-Closing and do not illuminate the parties' knowledge and intent at the time they entered into the contract; Defendant has not elucidated why this *ex post* knowledge is relevant.

---

[1] Defendant argues throughout her motion that Plaintiffs' claims only arise out of their own bad business decisions and their wish to recoup those losses by pursuing action against Defendant. While this may have a bearing on fault or damages, it does not appear to alter the result at this summary judgment phase.

9

It appears that neither party specified nor asked what "images and advertising files" included, or who owned the product images on the website. It is not clear that Plaintiff knew or should have known that she did not own the rights to the images at the time of contract. Construing the facts in the light most favorable to the non-moving party, a genuine issue of material fact remains and summary judgment will be denied on these Counts.

### B. Count I – Non-Compete Clause

Defendant argues that the terms of the non-compete clause were limited to running or teaching someone else how to run an *online* edible gifts business, and she would not have agreed to a clause that limited offline activities. (Def.'s Br. at 3–4, 39–41). Plaintiff argues that it is unreasonable to think that buying the same products from the same vendors and selling them to the same customers as Defendant did prior to selling Edible Gifts is not competing with Edible Gifts. (Pl.'s Opp'n at 27–31, ECF No. 40).

As discussed in Section I.A above, it is not clear whether the parties intended to limit online competition only, or other forms of competition with Edible Gifts' business. A genuine issue of material fact remains and summary judgment will be denied on Count I.

### C. Count V

In support of its motion for summary judgment on Count V, Defendant states only, "Plaintiffs have offered no evidence during discovery to support the allegation that Ms. Rappel "interfered with" its contractual relationship with Lady Fortunes. Therefore, this claim must be dismissed." (Def.'s Br. at 48, ECF No. 38). Defendant has not met her burden to show that she is entitled to judgment as a matter of law. Summary judgment will be denied.

### D. *Counterclaim – Remaining Payment under the Promissory Note*

Defendant seeks summary judgment on her counterclaim for a total of $16,756.89 ($5,833.31 plus interest). The parties do not dispute that Plaintiffs have not paid a remaining $5,833.31 of the purchase price, which may also have interest. However, summary judgment cannot be entered in favor of Defendant for the remaining, unpaid purchase price under the promissory note when there remain genuine issues of material fact regarding whether Defendant herself committed material breaches of the contract. *Travelodge Hotels, Inc. v. Honeysuckle Enters.*, 357 F. Supp. 2d 788, 797 (D.N.J. 2005) (quoting *Magnet Resources, Inc. v. Summit MRI, Inc.*, 318 N.J. Super. 275, 285... Nolan v. Lee Ho, 120 N.J. 465, 472 (1990)) (where a party materially breaches the contract, the other party is excused from performing). Summary judgment on the counterclaims will be denied.

### CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment will be denied and Plaintiff's Motion for Summary Judgment will be denied. A corresponding order will follow.

Date: May 25, 2017

ANNE E. THOMPSON, U.S.D.J.

11